FILED

FEB 27 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                              )        BAP No. AZ-17-1231-KuBL
                                    )
ROBERT EDWIN MARTIN,                )        Bk. No. 4:16-bk-00443-SHG
                                    )
                Debtor.             )
_____)
                                    )
ROBERT EDWIN MARTIN,                )
                                    )
                Appellant.          )        **M E M O R A N D U M**[*]
_____)

Submitted Without Oral Argument on February 23, 2018

Filed - February 27, 2018

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Scott H. Gan, Bankruptcy Judge, Presiding
_____

Appearances:     Appellant Robert Edwin Martin pro se on brief
_____

Before:  KURTZ, BRAND, and LAFFERTY, Bankruptcy Judges.


    Chapter 7[1] debtor, Robert Edwin Martin (Martin), appeals from the bankruptcy court's order denying his motion to transfer

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and Rule references are to the Federal Rules of Bankruptcy Procedure.

-1-

his closed bankruptcy case from the District of Arizona to the Central District of California. We AFFIRM.

## I. FACTS

On January 19, 2016, Martin filed a chapter 7 petition. Martin listed as his sole creditor The California Department of Corrections (CDC) with a judgment lien for $526,820. Martin obtained his § 727 discharge and the case was closed on September 27, 2016.

In October 2016, Martin filed an Ex Parte Motion for Issuance of a Writ of Execution by the United States Marshal. The bankruptcy court denied the motion, finding that the debt owed to the CDC arose from a restitution order which was not discharged and remained a valid debt. There was thus no basis for a writ of execution for recovery of Martin's property. The bankruptcy court denied Martin's motion for reconsideration of its decision and Martin appealed to this Panel (BAP No. AZ-17-1073). The Panel dismissed the appeal for lack of jurisdiction because it was late-filed.

In July 2017, Martin filed a Notice and Motion for Registration in the Central District of California (Motion), seeking to have his closed bankruptcy case transferred from the District of Arizona to the Central District of California. The bases for the transfer were that Martin had relocated to San Bernardino County[2] in April 2016 and that his sole creditor, CDC, continued to claim payment on the dischargeable debt and

---

[2] Debtor is incarcerated in a private penal institution located in Adelanto, California.

-2-

thus an adversary proceeding may be needed.

The bankruptcy court denied the Motion on the grounds that (1) Martin's case was fully administered and closed; (2) Martin was granted a discharge of all dischargeable debts; and (3) the court heard and ruled on all issues of dischargeability with respect to the CDC, finding its claim nondischargeable and any collection efforts lawful. The court concluded that the transfer of Martin's bankruptcy case would be futile when the estate was fully administered and no unresolved issues remained. Martin filed a timely notice of appeal from the bankruptcy court's order.

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(1) and (2).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court abused its discretion by denying Martin's motion to transfer his closed bankruptcy case from the District of Arizona to the Central District of California.

## IV.  STANDARD OF REVIEW

A decision denying transfer of a bankruptcy case to another district is reviewed for an abuse of discretion. Donald v. Curry (In re Donald), 328 B.R. 192, 196 (9th Cir. BAP 2005).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support in inferences that may be drawn from the facts in the

-3-

record.  See <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011) (citing <u>United States v. Hinkson</u>, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## V.  DISCUSSION

Rule 1014 provides in relevant part:

(a) Dismissal and transfer of cases

(1) Cases filed in proper district

If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

By its terms, the Rule requires a timely motion and a showing that the transfer is in the interest of justice or for the convenience of the parties.  As the record shows, substantial developments in the case rendered Martin's Motion for the transfer of his case untimely filed.  Martin received his discharge under § 727 of all dischargeable debts and his case was fully administered and closed.  Further, the bankruptcy court had made rulings regarding the CDC's collection of the nondischargeable restitution debt.  Thus, the transfer of Martin's closed case from the District of Arizona to the Central District of California would be futile.

In rendering its decision, the bankruptcy court applied the correct legal standard and its factual findings were plausible and supported by inferences drawn from the facts in the record. Accordingly, the bankruptcy court did not abuse its discretion by denying Martin's Motion.

## VI. CONCLUSION

For the reasons stated, we AFFIRM.